UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| RUBEN CABREJA<br><br>Plaintiff,<br><br>v.<br><br>SC MAINTENANCE, INC. and STEVEN CLEMENTS<br><br>Defendants. | Case No.: 19-296 |

**- COMPLAINT AND DEMAND FOR JURY TRIAL -**

Plaintiff RUBEN CABREJA by and through the undersigned counsel, hereby files this Complaint against the abovenamed Defendants, SC MAINTENANCE, INC. and STEVEN CLEMENTS.

**NATURE OF THE CASE**

1. This is an action brought by Plaintiff RUBEN CABREJA, (hereafter "Plaintiff") against his former employers, Defendants SC MAINTENANCE, INC. and STEVEN CLEMENTS (hereafter referred to as "Defendants") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA"), and to recover unpaid wages.

2. During the term of Plaintiff's employment, Defendants had practice of paying only a night rate, and not paying Plaintiff for hours worked in excess of forty in a workweek at a rate of 1.5 times Plaintiff's regular rate

of pay. Additionally, Defendants failed to pay Plaintiff several days of work.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction conferred by 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over Plaintiff's state law wage claims pursuant to 28 U.S.C. § 1367 because they arise from a common nucleus of operative facts and are so related to Plaintiff's FLSA claims, so as to constitute the same case or controversy under Article III of the U.S. Constitution.

4. Venue is proper in the Tampa Division of the Middle District of Florida under Local Rule 1.02 of the Local Rules of the Middle District of Florida. Defendant SC MAINTENANCE, INC principal address is in Polk County, Florida.

## PARTIES

5. Plaintiff, RUBEN CABREJA, a resident of Osceola County, was a former employee of Defendants who worked for Defendants cleaning floors at night in stores such as Ross, Walgreens, Publix, and Big Lots.

6. Plaintiff, RUBEN CABREJA, is an employee as defined by the laws under which this action is brought.

7. Defendants SC MAINTENANCE, INC. and STEVEN CLEMENTS are employers as defined by the laws under which this action is brought.

8. Defendant SC MAINTENANCE, INC. is a corporation organized and existing under and by virtue of the laws of Florida.

9. Defendant STEVEN CLEMENTS is an individual resident of the State of Florida, who owned and/or operated SC MAINTENANCE, INC. and who regularly: a) exercised control over the day-to-day operations of said entity; b) had personal and direct involvement in employment affairs (including Plaintiff's); c) hired and fired employees; d) established employee work schedules and regulated Plaintiff's hours; e) controlled terms of employment (including Plaintiff's terms); f) had the authority to set employee wages, and g) discussed the subject of wages with Plaintiff.

**COVERAGE**

10. Defendant SC MAINTENANCE, INC. was an enterprise engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

11. Defendant SC MAINTENANCE, INC. is a cleaning/janitorial company engaged in commerce as defined by 29 U.S.C. § 203, inter alia, by accepting payment from its customers through the use of credit cards and checks from banks located outside the state of Florida, by purchasing cleaning materials, chemicals, tools, and a plethora of other items, each manufactured across state lines for the purpose of providing floor/building cleaning and maintenance services.

12. Upon information and belief, Defendants' annual gross volume of sales exceeded $500,000/year at all relevant times.

13. Defendants SC MAINTENANCE, INC. are STEVEN CLEMENTS employers within the definition of the FLSA, 29 U.S.C. § 203.

14. During the term of his employment, Plaintiff RUBEN CABREJA was engaged in commerce and was therefore subject to the individual coverage of the FLSA. 29 U.S.C. § 206.

15. The services performed by Plaintiff were essential, necessary, and an integral part of the business conducted by Defendants.

16. Plaintiff was a covered employee for purposes of the FLSA pursuant to 29 U.S.C. § § 207 and 206.

## FACTUAL BACKGROUND

17. Plaintiff RUBEN CABREJA was employed by Defendants SC MAINTENANCE, INC. and STEVEN CLEMENTS from September 2018 to October 2018.

18. Plaintiff held a floor cleaner position at the time of separation.

19. Plaintiff was paid $100.00 per night.

20. During his employment with Defendants, Plaintiff was classified as non-exempt.

21. Plaintiff did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

22. During the period covered by the employment, Plaintiff worked in excess of forty (40) hours in a workweek and was not compensated at the statutory rate of one and one-half times his regular rate of pay.

23. Specifically, Plaintiff worked more than eight hours each night a night, 6 days a week, and was not paid an overtime premium for hours in excess of 40 in a workweek.

24. There was no timekeeping system to record Plaintiff's time.

25. Additionally, Defendants failed to pay Plaintiff several days of work. Plaintiff requested his pay repeatedly. However, Defendants failed to pay the corresponding wages.

26. Defendants SC MAINTENANCE, INC. and STEVEN CLEMENTS were aware that Plaintiff was working in excess of forty (40) hours per week without proper compensation but did not cure the ongoing FLSA violations.

27. Defendants' actions were willful and/or showed reckless disregard as to whether their conduct was prohibited by the FLSA.

28. Plaintiff's time and payroll records (including the hours worked in each workweek) should be in Defendants' custody and control, pursuant to 29 C.F.R. § 516. However, the accuracy, completeness, and sufficiency of such records is at issue at this time.

29. Defendant's actions set forth above also constitute a violation of the time-keeping requirements set forth by the FLSA.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

30. Plaintiff RUBEN CABREJA re-alleges and incorporates the allegations contained in Paragraphs 1 through 29 above.

31. Defendants SC MAINTENANCE, INC. and STEVEN CLEMENTS failed to pay Plaintiff properly for all hours worked in excess of forty (40) hours in a workweek in compliance with the FLSA.

32. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) in a workweek.

33. As a result of Defendants' willful violation of the FLSA, Plaintiff RUBEN CABREJA is entitled to damages, liquidated damages, pre-judgment interest, attorney's fees, and costs.

## COUNT II
## UNPAID WAGES UNDER FLORIDA COMMON LAW

34. Plaintiff RUBEN CABREJA re-alleges and incorporates the allegations contained in Paragraphs 1 through 29 above.

35. During the period of his employment, Plaintiff RUBEN CABREJA performed work for Defendants SC MAINTENANCE, INC. and STEVEN CLEMENTS and Defendants agreed to compensate Plaintiff for all hours worked.

36. Defendants SC MAINTENANCE, INC. and STEVEN CLEMENTS failed and refused to compensate Plaintiff all wages owed by failing to pay

  overtime and several workdays (despite repeated payment requests made by Plaintiff).

37. As a result of the foregoing, Plaintiff RUBEN CABREJA has suffered damages and has incurred in attorneys' fees and costs.

38. Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to reasonable attorneys' fees and costs incurred in the prosecution of his unpaid wages claim

## COUNT III
## FLSA MINIMUM WAGE VIOLATIONS

39. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 29 above.

40. Plaintiff RUBEN CABREJA performed work for Defendants SC MAINTENANCE, INC. and STEVEN CLEMENTS for which he was not compensated.

41. Defendants SC MAINTENANCE, INC. and STEVEN CLEMENTS did not pay Plaintiff the minimum wage required by the FLSA by refusing to pay several workdays (despite repeated requests).

42. The actions of Defendantx set forth above of failing to pay Plaintiff the statutory minimum wage constitute a violation of 29 U.S.C. §206.

43. Defendants' actions were willful and/or showed reckless disregard for the provisions of the F.L.S.A.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RUBEN CABREJA respectfully requests judgement against Defendants SC MAINTENANCE, INC. and STEVEN CLEMENTS, and the following damages:

a. Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

b. Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

c. Pre-judgment interest;

d. Attorneys' fees and costs as provided by 29 U.S.C. § 216(b);

e. Plaintiff's minimum wage rate;

f. Liquidated damages in an amount equal to the unpaid minimum wages owed in accordance with 29 U.S.C. § 216(b);

g. Plaintiff's unpaid wages pursuant to Florida Common Law;

h. Attorneys' fees and costs as provided by Section 448.08, Fla. Stat.;

i. Such further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial to the extent authorized by law.

Dated: February 4, 2019.　　　　　　　　　Respectfully submitted,

**CYNTHIA GONZALEZ P.A.**
1936 W MLK Blvd.
Suite 206
Tampa, Florida 33607
Telephone: 813.333.1322
Toll free: 888.WagesDue
Fax: 866.593.6771
🖱 WagesDue.com

<u>s/ Cynthia Gonzalez</u>
Cynthia M. Gonzalez
Florida Bar No. 53052
Attorney for Plaintiff
cynthia@wagesdue.com